UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KHARIM El KHOLY | CIVIL ACTION |
| VERSUS | 24-637-SDD-RLB |
| BOARD OF SUPERVISORS,<br>LOUISIANA STATE UNIVERSITY<br>AGRICULTURAL AND MECHANICAL<br>COLLEGE | |

**RULING**

This matter is before the Court on the Motion for Summary Judgment[1] by Defendant, Board of Supervisors, Louisiana State University and Agricultural and Mechanical College ("LSU").  Plaintiff, Kharim El Kholy ("Plaintiff") has filed a Response indicating that he agrees this Court lacks subject matter jurisdiction but seeks dismissal without prejudice rather than with prejudice as LSU has requested.[2] LSU filed a Reply, to which Plaintiff filed a Response.[3] For the following reasons, the Court finds that LSU's Motion for Summary Judgment shall be denied under Rule 56 of the Federal Rules of Civil Procedure, but the Court lacks subject matter jurisdiction over this matter and will therefore dismiss this matter without prejudice under Rule 12(b)(1).

**I.     FACTUAL BACKGROUND**

In August 2015, Plaintiff was hired by LSU as a non-tenured professor in the Department of Civil & Environmental Engineering.[4] His position had an appointment term

---

[1] Rec. Doc. 31.
[2] Rec. Doc. 35.
[3] Rec. Doc. 68.
[4] Rec. Doc. 1, ¶ 4.

of 3 years. He was reappointed multiple times.[5] Over the span of 7 years, from 2016 to 2023, LSU received several complaints from Plaintiff's female students of sexual harassment and improper conduct.[6] Plaintiff was counseled for those claims and received "correction;" however, Plaintiff alleges none of the complaints were ever proven.[7] Plaintiff's annual appointment expired in May of 2023, and LSU did not renew his contract based on the student complaints.[8] LSU gave Plaintiff 12 months' notice of its intent to terminate employment.[9] LSU subsequently hired a younger instructor to fill Plaintiff's role.[10]

## II.    PARTIES' ARGUMENTS

LSU moves for summary judgment arguing that it is immune from liability under the Eleventh Amendment; LSU argues alternatively that it is entitled to summary judgment on the merits.[11] LSU emphasizes that it is not moving for relief under Rule 12(b)(1) lack of subject matter jurisdiction because it has consented to this Court's subject matter jurisdiction by participating in this litigation.[12] LSU claims, however, that it is entitled to Eleventh Amendment sovereign immunity from liability, which is distinct from immunity from suit, and entitles LSU to dismissal on the merits with prejudice.[13]

Plaintiff responds, conceding that the Court lacks subject matter jurisdiction based on LSU's Eleventh Amendment sovereign immunity from suit, but insists that the dismissal should be under Rule 12(b)(1) without prejudice. LSU counters that this Court

---

[5] *Id.*; *see also* Rec. Doc. 31-2, ¶ 6
[6] Rec. Doc. 31-2, ¶¶ 7-16
[7] *Id.*; *see also* Rec. Doc. 1, ¶ 9
[8] *Id.* at ¶¶ 17, 19
[9] *Id.* at ¶¶ 20, 24.
[10] *Id.* at ¶ 24
[11] Rec. Doc. 31-2.
[12] Rec. Doc. 36.
[13] *Id.*

should follow the Eastern District of Louisiana in *Harris v. Louisiana Off. Of Juv. Just.*, where the court dismissed a plaintiff's federal claims based on the defendant's immunity from liability, which the court noted is not jurisdictional but rather constitutes an adjudication on the merits.[14] Plaintiff responds, arguing that, in *Harris*, the defendant had removed the case from state court to federal court, thereby indicating an express waiver of sovereign immunity from suit, which is not the case here.[15] Plaintiff cites Middle District of Louisiana cases under similar circumstances where the Court dismissed claims without prejudice due to lack of subject matter jurisdiction.[16]

### III.  LAW & ANALYSIS

"The Eleventh Amendment grants a state immunity from suit in federal court by citizens of other states, and by its own citizens as well."[17] While immunity doctrine acts as an affirmative defense to preclude suit in a federal forum, it is "more akin to a limitation on subject-matter jurisdiction."[18] However, unlike subject-matter jurisdiction, Eleventh Amendment immunity may be waived by the state.[19] Courts have found waiver of immunity in cases where the state: (1) "voluntarily invokes federal-court jurisdiction," or (2) "makes a 'clear declaration' that it intends to submit to federal jurisdiction."[20]

The Supreme Court has held that waiver requires "an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment" because "constructive consent is not a doctrine commonly

---

[14] No. CV 18-13356, 2019 WL 2617175, *4 (E.D. La. June 26, 2019).
[15] Rec. Doc. 38.
[16] *Id.*
[17] *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002) (citation omitted).
[18] *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011).
[19] *Id.*
[20] *Id.* (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

associated with the surrender of constitutional rights."[21] Similarly, the Fifth Circuit has applied the general rule that a state's waiver of Eleventh Amendment immunity must be unequivocal, if not express.[22] In this context, the Fifth Circuit, applying *Lapides v. Board of Regents of University System of Georgia*,[23] has held that a state's voluntary action in removing a case from state to federal court constitutes an unequivocal waiver of Eleventh Amendment immunity.[24] However, the Fifth Circuit has restricted the application of litigation-conduct waiver as described in *Lapides* to cases in which a state voluntarily invokes the jurisdiction of the federal court by removing a case from state court.[25] In instances other than removal, the Fifth Circuit has not found "that [a state's] litigation conduct created 'inconsistency, anomaly, and unfairness' to a degree that requires waiver of sovereign immunity" as described in *Lapides*.[26] Ultimately, a determination of whether a state has waived its Eleventh Amendment immunity "must focus on the litigation act the State takes that creates the waiver" and whether that act clearly indicates an intent to waive.[27]

LSU acknowledges that it did not remove this case to federal court; however, it insists that its acquiescence to the litigation brought in this forum constitutes a waiver of its sovereign immunity from suit. LSU argues that it has "participated in the litigation of this action, and LSU did not raise lack of subject matter jurisdiction as an issue in its

---

[21] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), *superseded by statute on other grounds* as stated in *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 280 n. 29 (5th Cir.2005) (*en banc*).
[22] *See, e.g.*, *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir.2002); *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir.2000).
[23] 535 U.S. 613 (2002).
[24] *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir.2005).
[25] *See id.* at 242–43; *see also, e.g., Spooner v. Jackson*, 251 Fed.Appx. 919, 924 (5th Cir.2007).
[26] 535 U.S. 613.
[27] *Id.* at 620.

Motion,"[28] and it "does not seek dismissal of Plaintiff's claims on the basis of the Court's lack of subject matter jurisdiction."[29] LSU requests that, because it "has participated in this litigation," the Court should "not dismiss Plaintiff's claims on a jurisdictional basis."[30]

Plaintiff points out that LSU's reliance on *Harris* is misplaced because the *Harris* case was originally filed in state court and then removed to federal court by the state defendant. LSU ignores the distinction, which under *Lapides* is significant in finding a waiver, and claims that *Harris* is nevertheless applicable because "Plaintiff filed this matter in federal court over one year ago and the parties have engaged in written discovery and conducted Plaintiff's deposition. The discovery deadline has passed as has the dispositive motion deadline."[31]

This Court, and others, have rejected the argument that active participation in federal litigation constitutes a sovereign's waiver of subject matter jurisdiction. For example, in *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, the Fifth Circuit held that, even where the state had litigated a case on the merits through summary judgment and did not raise the immunity issue until appeal, it had not waived its Eleventh Amendment immunity from suit.[32] In that case, as here, Louisiana was involuntarily brought into federal court as a defendant. The Fifth Circuit found that, while the state may have defended the case on the merits, "it never chose to litigate in a federal forum," and its conduct was otherwise "insufficient to constitute an unequivocal or clear declaration of waiver."[33] The *Union Pacific* court explained that its decision was:

---

[28] Rec. Doc. 36, p. 1.
[29] *Id.* at p. 2.
[30] *Id.*
[31] *Id.* at p. 3.
[32] 662 F.3d 336 (5th Cir. 2011).
[33] *Id.* at 341.

consistent with our earlier case law, in which we found that participation by the state in an action does not necessarily preclude a later assertion of Eleventh Amendment immunity. *See, e.g., Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x 391, 393 (5th Cir. 2007) (per curiam) (holding that the state did not waive immunity by participating in EEOC process and stating that failure to raise immunity defense is not a "clear declaration" of waiver); *Neinast v. Texas*, 217 F.3d 275, 279–80 (5th Cir. 2000) (holding that litigating a motion to dismiss for failure to state a claim is not a voluntary waiver of immunity); *Skelton*, 234 F.3d at 295–96 (stating that issues of immunity under the Eleventh Amendment need not be raised in the trial court); *Evans v. City of Bishop,* 238 F.3d 586, 589 n. 6 (5th Cir. 2000) (same).[34]

Another section of this Court addressed this issue in *Dilley v. Louisiana*.[35] In *Dilley*, the plaintiff argued that the state defendant "actively participated in this matter such that it ha[d] waived its Eleventh Amendment immunity," but the Court noted that "the U.S. Court of Appeals for the Fifth Circuit has held that **far more involvement is required** before a Court can find waiver."[36] The Court relied on the *Union Pacific* case and found it directly applicable to the facts in *Dilley* where the state did not remove the case to federal court but "actively participated" in the litigation process.[37]

Based on the foregoing jurisprudence, the Court finds that LSU's active participation in this litigation is insufficient to constitute an express waiver of sovereign immunity to suit in this forum. Because the Court lacks subject matter jurisdiction in this matter, it cannot grant Rule 56 relief but will *sua sponte* dismiss this matter pursuant to Rule 12(b)(1) and Rule 12(h)(3). "*Sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.'"[38] When dismissal is based on lack of

---

[34] *Id.*
[35] No. 19-00391-BAJ-EWD, 2024 WL 4510564, *2 (M.D. La. Oct. 16, 2024).
[36] *Id.* at *2 (emphasis added).
[37] *Id.*
[38] *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021)(quoting Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869) ("Jurisdiction is power to declare the

subject matter jurisdiction based on sovereign immunity, the dismissal "must be" without prejudice:[39]

> Our precedents also make clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining, in the context of sovereign immunity, that "[a] court's dismissal of a case resulting from a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (quotation omitted)). This rule applies with equal force to sovereign-immunity dismissals. *See, e.g.*, *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). Therefore, even if the district court had afforded Carver the notice required by the Rules, it still should have dismissed her complaint without prejudice.[40]

## IV.  CONCLUSION

For the foregoing reasons, LSU's Motion for Summary Judgment[41] is DENIED. However, this matter is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is ordered to terminate this matter.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 9th day of March, 2026.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")).
[39] *Id.* at 498.
[40] *Id.* at 498-99 (original emphasis).
[41] Rec. Doc. 31.